## Caroline Brueggemann v. George L. Brueggeman, et al.

1. BILL OF INTERPLEADER—*when appellant cannot complain as to action taken upon.* Where upon a bill of interpleader the appellant was adjudged to have no interest in the fund in controversy, he cannot complain either as to the award of costs or as to the disposition made of such bill of interpleader.

2. FINDING OF CHANCELLOR—*when not disturbed.* In the absence of a clear preponderance, the Appellate Court will not disturb the finding of the chancellor as to matters of fact.

Bill in chancery to establish right to insurance policy. Appeal from the City Court of Alton; the Hon. ALEXANDER W. HOPE, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

LEVI DAVIS, for appellant.

WILLIAM BOYNTON and JOHN J. BRENHOLT, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery by George L. Brueggemann against his mother Caroline Brueggemann and the New York Life Insurance Company, asking that a certain assignment on a policy of insurance issued by said company upon the life of said George L. Brueggemann, be delivered up and reformed so as truly to set forth and describe the rights of said Brueggemann therein, and that a writ of injunction be issued restraining the said company from paying certain benefits due upon said policy, to said Caroline Brueggemann. The amended bill on which the case was tried alleged that the complainant on January 31, 1884, caused to be taken out a certain twenty-year payment policy of insurance upon his life, in the New York Life Insurance Company, to the amount of $2,000; that the policy provided, in case the premiums provided for were paid, at the end of twenty years said company should give complainant a paid-up policy of insurance upon his life for said amount, and in addition thereto certain cash payments or tontine

benefits; that afterwards complainant assigned and transferred said policy to his wife Helen reserving to himself in the assignment the tontine benefits under said policy; that afterwards complainant and his wife delivered to said Caroline Brueggemann two certain certificates of assignment of said policy, which at the time were duly signed by complainant and his wife, but were not acknowledged; that said certificates at the time of their delivery, contained certain blank lines and spaces which were to be filled at a later date; said assignments were not to be acknowledged or used in any manner until the consideration thereafter to be agreed upon should be inserted in the blanks therein; that afterwards at a meeting where the conditions of the assignment were agreed upon, Caroline Brueggemann stated that she had misplaced the assignment certificates delivered to her by complainant and that they could not be found; that thereupon one Frank Brueggemann procured two other assignment certificates which were then duly executed by complainant and his wife and contained a provision that the tontine benefits or cash dividends, under said policy of insurance, should be and remain at the option of complainant; that said certificates were left with said Caroline to be by her forwarded to said insurance company for approval and record; that said Caroline afterwards, without the knowledge and consent of complainant, wilfully, wrongfully and fraudulently substituted the certificates of assignment first delivered to her by complainant, and not filled out as intended and agreed upon by the parties, for the certificates of assignment which contained the terms and conditions above set forth and sent the certificates so substituted for the true and genuine certificates of assignment to said life insurance company; that the substituted certificates evidenced an assignment *in toto,* whereas it was the intention and understanding of the parties that the tontine benefits or cash payments should be the property of complainant; that the term of said policy was about to expire and that complainant had reason to believe that unless said assignment to said Caroline Brueggemann be delivered

8

up and reformed to comply with the intention of the parties, complainant would not be able to collect and receive the tontine or cash benefits under said policy, which rightfully belonged to him, The complainant further offered to sign and execute an assignment of said policy to said Caroline Brueggemann conforming to his agreement with her and prayed that the assignment of said policy might be delivered up and reformed, so as truly to set forth the rights of complainant; and for a writ of injunction restraining said insurance company from paying said Caroline Brueggemann or her order, the tontine or cash benefits due or about to be due under said policy, until after the further order of the court.

Caroline Brueggemann filed an answer to said bill admitting the delivery to her of two certain certificates of assignment of said policy of insurance, and stating that at the time they were delivered, they were duly signed and acknowledged by complainant and his wife; that said certificates were intended to be and were a full and absolute assignment of said policy to said Caroline without any reservation whatever for the benefit of the complainant; that the policy was assigned to her for the reason that complainant was unable to make further payments of premiums thereon, and was also unable to pay a certain indebtedness to said Caroline amounting to about $600; that she took the policy to protect herself from the loss of said indebtedness and has paid premiums thereon, amounting to the sum of $714.14. She denied that two certificates were ever procured, executed and delivered to her in the manner set forth in the bill containing the conditions or considerations therein mentioned.

The New York Life Insurance Company also answered the bill, and filed a bill of interpleader stating, that it was willing to pay the tontine or cash benefits, which are alleged to amount to the sum of $566.30, to such person or persons as may be lawfully and legally entitled to the same and offering to bring said sum of money into court to abide the order and decree of the court and asking that defendants be required to interplead and settle and adjust their said

demands between themselves and that out of said sum, it be entitled to take and reserve its lawful costs, charges, attorney's and solicitor's fees in that behalf sustained.

"A temporary injunction was issued and on the trial the court found that the bill of interpleader was properly filed and ordered the insurance company be allowed to retain from the money in its hands, the sum of $30 as solicitor's fees and pay the balance of said sum into the court to abide its further order. The decree further found the allegation of said amended bill to be true and ordered that the money paid into court by said insurance company, be paid over to the complainant George L. Brueggemann and that the defendant Caroline Brueggemann pay the costs of the proceeding, except said sum of $30 allowed as aforesaid in favor of said insurance company, to be paid out of said fund. To reverse that decree the defendant Caroline Brueggemann prosecutes this appeal.

Appellant insists that the court erred in the allowance of $30 solicitor's fee to the New York Life Insurance Company, and in not sustaining a demurrer of appellant to the bill of interpleader. The solicitor's fee was allowed out of the fund in possession of the insurance company, which was adjudged to belong to appellee George L. Brueggemann. As appellant was found to have no interest in that fund whatever, she is in no position justly to complain of the disposition of any portion of the same made by the court. Nor are the interests of appellant in any way affected by the disposition the court made of the bill of interpleader, as it only concerned the disposition of the fund which the court found to belong to another.

The only other question presented by appellant as a reason for reversing the decree is one of fact. Appellant claims that appellee George L. Brueggemann was unable to pay his premiums on the policy and owed her a considerable sum of money and that in consideration of such indebtedness, he and his wife assigned her all interest in the policy; that appellant accepted the same to protect herself and paid all the premiums. On the other hand appellee

George L. Brueggemann claimed that he owed appellant nothing; that the true assignment made by him and his wife to appellant contained a reservation of the tontine or cash benefits; that appellant was fully protected in the amount she had expended, by the paid-up policy for $2,000, which was hers at the end of the twenty-year period; that she fraudulently substituted the blank assignment executed by him and his wife for the true one and forwarded it to the company. The parties both produced evidence tending to sustain their respective positions, and on the points directly in controversy the evidence was conflicting and irreconcilable. We therefore do not feel warranted in disturbing the finding of the trial judge who had so much better opportunity than we for ascertaining where the exact truth lay.

The decree of the court below will be affirmed.

*Affirmed.*